CHARLES J. HIGGINS, plaintiff below, plaintiff in error, *vs.* THE
  MAYOR AND COUNCIL OF WILMINGTON, defendant below,
  defendant in error.

*Writ of Error—Case—Personal Injuries—Pleading—Evidence—*
  *Variance—Amendment—Motion to Amend ; When Too*
  *Late—Discretion of Court—Practice—Directing*
  *Verdict for Defendant ; When Justifiable.*

1. Evidence that the plaintiff, in order to escape threatened injury, *jumped*
from a truck and was thereby injured, will not support an allegation in the declaration
that because of a dangerous hole or excavation in the street, the plaintiff was violently
*hurled* or *thrown* to the ground.  Neither will such evidence support an allegation to
the effect that the plaintiff was *forced* from the truck to the ground.  Forced in such
connection means impelled by physical force acting on the body, and not fear of dan-
ger, however imminent.  In such cases the variance is material and fatal.

2. The allowance or refusal of amendments is within the sound discretion of
the Court.  And an amendment may be refused after a motion for a nonsuit has been
argued and the Court has pronounced, or is about to pronounce judgment.

3. The trial Court is not bound to submit the case to the jury, but may prop-
erly direct a verdict for the defendant, when it appears that under the plaintiff's
declaration the evidence, with all the inferences the jury could justifiably draw from it,
is not sufficient to support a verdict for the plaintiff.

(*January 21, 1902.*)

NICHOLSON, Ch., and SPRUANCE and GRUBB, J. J., sitting.

*Lewis C. Vandegrift* and *Edwin R. Cochran, Jr.,* for plaintiff
in error.

*Henry C. Conrad* and *Medford H. Cahoon* for defendant in
error.

Supreme Court, June Term, 1900.

WRIT OF ERROR to the Superior Court for New Castle County
(See facts in opinion of Court).

SPRUANCE, J., delivering the opinion of the Court:

This action was brought for the recovery of damages for personal injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendant. Upon the close of the testimony for the plaintiff, after argument, the Court below granted a nonsuit upon the ground of a fatal variance between the declaration and the evidence. The plaintiff declined to take the nonsuit, and then moved for leave to amend his declaration so as to conform to the evidence, which the Court refused, and directed the jury to find a verdict for the defendant.

Exceptions were taken by the plaintiff to the refusal of the Court to allow said amendment, and to the charge of the Court directing a verdict for the defendant.

The declaration, as amended, contains six counts, all alleging negligence on the part of the defendant, in making, or suffering to remain, a dangerous hole or excavation in a certain street of the city of Wilmington, but differing in the statement of the mode in which the injuries to the plaintiff were inflicted.

The first count alleges that the plaintiff was violently hurled to the street or ground; the second, that he was thrown from a certain truck or wagon to the ground; the third, that said truck or wagon was hurled into said hole or excavation, and that he was violently hurled to the street or ground; the fourth, that while riding or driving along said street he was hurled in the said hole or excavation, and was violently hurled to the street or ground; the fifth, that while riding on a certain truck or wagon, over and along said street, he was forced or thrown violently from said truck or wagon, and the sixth that he was violently forced or thrown from the said vehicle to the street or ground.

At the trial the plaintiff, who appears to have had a clear recollection of the facts, testified in substance, that he was on a fire truck responding to an alarm of fire; that the truck went into and over an excavation in the street twelve or fourteen inches deep, and

when about six or eight yards on the other side, a wheel came off and the truck went over, and that he, thinking that the truck was going into a tree near the curb, jumped off the truck to keep from going into the tree—that he jumped off for fear of being thrown against the tree. There was no testimony to the contrary of this worthy of consideration, and upon the whole evidence no reasonable person could come to any other conclusion than that the plaintiff jumped from the truck and was not thrown off.

Under no fair construction of the language of any of the counts of the declaration, can they be held to mean what was proved, viz.: That the plaintiff to escape threatened danger, jumped from the truck and was thereby injured.

*Lund and Wife vs. Tyngsboro, 11 Cush., 563,* was an action for damages for personal injuries to the wife, occasioned by a defect in a highway.

The declaration, after setting forth said defect alleged, that by reason thereof, the wife was, " violently thrown from said wagon upon the ground," etc. The Court said, " the plaintiff's case as set forth in the declaration, obviously points to the case of being involuntarily thrown from the wagon" * * * " and evidence of an accident occasioned by voluntarily leaping from the wagon to avoid a peril to which the female plaintiff was exposed by remaining in the same" * * * " would have been liable to the objection of a variance between the declaration and the proof."

On behalf of the plaintiff it was urged, that if the evidence did not support the allegations of the first four counts, to the effect that he was hurled or thrown from the truck to the ground ; it did support the allegations of the last two counts, to the effect that he was forced from said truck to the ground, etc. We think not. Forced in this connection means impelled by physical force acting on the body, and not fear of danger, however imminent. In *Rex. vs. Lloyd, 1 Carrg. & Payne, 301,* it was held that the words, " did

compel and force," must be taken to mean personal affirmative force.

We are clearly of the opinion that the variance in this case was material and fatal.

The power given by the Constitution and by statute to the Superior Court to allow amendments, (*Constitution Art. 4, Sec. 24, and Rev. Code Chap. 112, Secs. 11 and 14*) and the right given by statute to a writ of error upon any decision permitting or refusing an amendment during trial (*Rev. Code Chap. 112, Sec. 17*), have been, at least in late years, liberally construed and applied by the courts; but it should be observed that the allowance or refusal of amendments is within the sound discretion of the Court.

*Godwin vs. Collins, 1 Harr., 216.*

In the inquiry of the Court, pending the motion for leave to amend, as to whether there was any authority that an amendment may be allowed after a motion for a nonsuit had been argued, and the Court had pronounced, or was about to pronounce judgment of nonsuit, we see only a reference to the well established practice of the Court to refuse amendments at that stage of the case.

In *Bank vs. Cooper 1 Harr., 15*, after a motion for a nonsuit had been made and argued, and the Court were about to deliver their opinion upon the same, the plaintiff moved to amend his declaration, which was refused.

In *Morris vs. Burton, 1 Houst., 213*, the Court overruled a motion for a nonsuit, and the plaintiff then applied for leave to amend his declaration, but the Court declined to grant the leave, upon the ground that the application came too late, after the Court had announced its opinion on a motion for nonsuit.

In *Flannigan vs. Wilmington, 4 Houst., 548*, the Court, "in accordance with the well settled practice of the Court," refused leave to amend the declaration after the plaintiff had closed his testimony, and a motion for a nonsuit had been argued.

We can see no occasion to disturb this "well settled practice of the Court" by the introduction of a practice which would tend

to encourage loose pleading and result in confusion and needless delay in the administration of justice.

From the record it appears that, under the plaintiff's declaration, the evidence at the trial, with all the inferences the jury could have justifiably drawn from it, was not sufficient to support a verdict for the plaintiff, and the Court, therefore, were not bound to submit the case to the jury, but properly directed a verdict for the defendant.

*Wheatley vs. Railroad Co., 1 Marvel, 395 (315); Creswell vs. Railroad Co., 2 Pennewill, 210 (222); Tully vs. Railroad Co., 2 Pennewill, 537 (539); Commissioners vs. Clark, 94 U. S., 284,* and *Randall vs. Railroad Co., 109 U. S., 482.*

Finding no error in the proceedings of the Court below, the judgment of the Court below is affirmed.