WYNDHAM, INC., a corporation of the State of Delaware, Plaintiff; v. WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Executor of the Last Will and Testament of Charles B. Holladay, Deceased, Defendant.

(*March* 31, 1948.)

PEARSON, J., sitting.

*Arthur G. Logan* (of the firm of Logan, Duffy and Boggs) for plaintiff.

*Robert H. Richards, Jr.,* (of the firm of Richards, Layton and Finger) for defendant.

PEARSON, J.:

The question is whether a proposed amendment to the declaration should be allowed at this stage of the proceeding. By stipulation, the action was tried before the Court without a jury. Plaintiff introduced evidence to show that the decedent caused his own obligation for short sales of stock to be assumed and paid by plaintiff and that defendant, decedent's executor, is now liable. At the conclusion of plaintiff's case, defendant moved for a nonsuit and for a "directed verdict". The trial was then suspended, and later briefs were filed by the attorneys. Defendant urged as one of two grounds for a nonsuit that the declaration

consisted of common counts for money had and received, whereas, plaintiff's evidence disclosed that there could be no recovery under this common count, but only under counts "for money lent and advanced, paid, laid out and expended." The declaration contains four counts, each of which incorporates by reference an annexed statement of particulars. In this statement, plaintiff explains in reasonable detail what the case is about by alleging facts and circumstances and charging consequent legal liability. The evidence offered by plaintiff at the trial was directed to proof of the allegations of the statement of particulars.

Some time after briefs were filed and before a decision of the Court, plaintiff moved to amend its declaration. The proposed amended declaration omits all common counts and is substantially a copy of the statement of particulars annexed to the original declaration. Plaintiff says that no common counts are now necessary under the new Superior Court Rules which became effective January 1, 1948; and that the amended declaration complies with the requirements of the new Rules with respect to the form of a complaint in a law action. This may be conceded. However, since this case was begun and the trial had under the rules of pleading and practice existing before the new Rules, the amendment should not be allowed unless an amendment substituting different common counts would be allowable if the old Rules were still operative. For the purpose of the present motion, I shall treat the counts of the original declaration as common counts for money had and received, as does defendant, and shall assume that the incorporation by reference of the statement of particulars did not have the effect of changing the nature of the counts in this respect.

Article IV, Section 24 of the Delaware Constitution contains the following provisions concerning amendments:

"In civil causes, when pending, the Superior Court

shall have the power, before judgment, of directing, upon such terms as it shall deem reasonable, amendments, impleadings [in pleadings] and legal proceedings, so that by error in any of them, the determination of causes, according to their real merits, shall not be hindered; * * *."

■■ Sections 4888-4892 of Rev. Code of Del., 1935, also authorize amendments in various situations, but we think it unnecessary in this case to look beyond the provisions of the Constitution. Every fact alleged and every charge or explanation of legal liability in the proposed amendment is precisely the same as in the statement of particulars accompanying the original declaration. Plaintiff is not even attempting to change the form of action but only the particular category of common counts. It is not the function of common counts to narrate the facts upon which liability is predicated. Their informative function is little more than to indicate that the cause of action falls within a particular classification of contract actions. Otherwise, their function is largely ceremonial. Assuming that there was no variance between the evidence and the original declaration, the allowance of the amendment can hurt no one. On the other hand, if we assume a variance, denial of leave to amend might well defeat plaintiff's cause of action. To do so would seem in direct opposition to the purpose of the constitutional grant of power to amend so that "the determination of causes, according to their real merits, shall not be hindered" by error in pleadings and legal proceedings.

■ Accordingly, leave to amend should be granted unless, as defendant contends, the motion to amend comes too late, having been made after the Court took under advisement the motions for a new trial and directed verdict. Defendant cites *Higgins v. Wilmington,* 3 *Penn.* 356, 51 *A.* 1, 2; and 1 *Woolley on Delaware Practice,* § 549.

The Higgins case was an action for damages for negligence. The declaration alleged that the defendant was negligent in making, or suffering to remain, a dangerous excavation in a certain street, and that the plaintiff was hurled or thrown from a truck when it came upon the excavation. The evidence disclosed that the plaintiff jumped from the truck to escape threatened danger and was injured as a consequence. At the close of the plaintiff's case and after argument, the Superior Court granted a nonsuit on the ground of a fatal variance between the declaration and the evidence. The plaintiff declined to take the nonsuit and then moved for leave to amend its declaration to conform to the evidence. The Court refused leave and directed the jury to find a verdict for the defendant. Upon a writ of error, the Supreme Court affirmed the judgment below. The Court said that the power of the Superior Court to allow amendments had been liberally construed, "but it should be observed that the allowance or refusal of amendments is within the sound discretion of the court." The Supreme Court further said that there was a well-established practice to refuse leave to amend "after a motion for a non-suit had been argued, and the court had pronounced, or was about to pronounce judgment of nonsuit," and that "We can see no occasion to disturb this 'well-settled practice of the court' by the introduction of a practice which would tend to encourage loose pleading, and result in confusion and needless delay in the administration of justice." The citation from Woolley is to the effect that the Court will decline leave to amend under the circumstances indicated in the Higgins opinion.

The situation here can be distinguished from those referred to in the Higgins case. This Court has not announced a decision. I have given consideration to one of the grounds which defendant urged for the nonsuit but have not yet considered whether there was a variance between

the original declaration and the proofs. The Higgins case was tried before a jury, and the considerations involved upon a motion to amend in a jury case are different from those where a case is tried before the Court alone, as here. The question before the Supreme Court was whether the Superior Court had abused its discretion in refusing leave to amend. It is not a necessary corollary of the holding of the Higgins case, that if the Superior Court had tried the case without a jury and had granted leave to amend, the Supreme Court would have reversed a judgment for plaintiff on the ground that allowing an amendment was an abuse of discretion. The opinion of the Court must be read with reference to the facts and question before it. When so read, the opinion does not warrant the inference of a rule which would contravene the express purpose of the constitutional authority to allow amendments. Plaintiff's motion to amend is not too late.

An order granting plaintiff leave to amend will be entered; but before this is done, defendant may apply to have it include appropriate provisions for further pleading and defense by defendant.